UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
IN ADMIRALTY

MERRYLL MONTEIRO,

    Plaintiff,

v.                                                    Case No.

MAGICAL CRUISE COMPANY, LIMITED
d/b/a Disney Cruise Line,

    Defendant.
_____/

## SEAMAN'S COMPLAINT

Plaintiff sues Defendant and alleges:

1. Plaintiff, MERRYLL MONTEIRO, is a citizen of India and a seaman within the meaning of 28 U.S.C. § 1916 and can file suit without paying the filing fee or costs.

2. Defendant, MAGICAL CRUISE COMPANY, LIMITED. d/b/a Disney Cruise Line (hereinafter "DISNEY"), is a foreign corporation incorporated in London, England which has its headquarters and principal place of business in Celebration, Florida.

3. Defendant, at all times material hereto, personally or through an agent;

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Were engaged in substantial activity within this state;

1

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

    e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

4. Defendant is subject to the jurisdiction of the courts of this state.

5. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1333.

6. The causes of action asserted in this Complaint arise under the Jones Act, 46 U.S. Code § 30104 et seq., and the General Maritime Law of the United States.

7. The Plaintiff requests an advisory jury pursuant to Fed. R. Civ. P. 39(c).

## PRELIMINARY ALLEGATIONS

8. At all times material hereto, Defendant DISNEY owned, operated, managed, maintained, and/or controlled the vessel *Disney Fantasy*. This vessel flies a flag of convenience.

9. At all times material hereto, Plaintiff was a member of the crew and employed as a seaman aboard Defendant DISNEY's vessel in the capacity of First Steward and was working in the service of the vessel.

10. At all times material hereto, the vessel was in navigable waters.

11. At all times material hereto, the Plaintiff worked and lived aboard the vessel.

12. On September 14, 2021, while employed by DISNEY and aboard the *Disney Fantasy*, the Plaintiff injured his back, shoulder, and hip when he tripped and fell

after his left foot was caught on a hooked rope, while performing his duties and delivering equipment at the gangway with limited spacing aboard on Deck 1, aft.

13. As a result, the Plaintiff reported his symptoms to the onboard medical facility, but was provided with pain medication and required to continue working.

14. Due to the negligence of the Defendant, DISNEY, the Plaintiff sustained severe injuries.

## **COUNT I – JONES ACT NEGLIGENCE**

Plaintiff re-alleges, incorporates by reference, and adopts paragraphs one (1) through fourteen (14) as though originally alleged herein.

15. On or about September 14, 2021, Plaintiff was employed by DISNEY as a seaman and a member of the crew of the *Disney Fantasy*, which was in navigable waters.

16. Under the Jones Act, Defendant owed the Plaintiff, a member of the crew and borrowed servant, a duty to use ordinary and reasonable care under the circumstances.

17. It was the duty of Defendant, DISNEY, to provide Plaintiff with a reasonably safe place to work.

18. On or about September 14, 2021, Plaintiff was injured due to the fault and negligence of Defendant, DISNEY, and/or its agents, servants, and/or employees. DISNEY failed to use reasonable care to provide Plaintiff a reasonably safe place to work by:

    a. Failure to provide Plaintiff with a reasonably safe place to work;

3

 b. Failure to provide the Plaintiff with adequate spacing and a reasonably safe method to carry out his assigned job tasks;

 c. Failure to provide Plaintiff with adequate and reasonably safe equipment, mechanisms, and safety devices with which to perform his assigned tasks;

 d. Failure to learn and apply the common and well-known principles of industrial ergonomics on board the vessels on which Plaintiff served;

 e. Failure to incorporate modern work methods, procedures, and material handling techniques on board the vessels on which the Plaintiff worked;

 f. Failure to eliminate and/or modify the hazard(s) which caused Plaintiff to suffer his incident;

 g. Failure to promulgate and enforce reasonable rules and regulations to ensure the safety and health of the Plaintiff, while engaged in the course of his employment on Defendant's vessel;

 h. Failure to promulgate and/or enforce adequate policies and procedures to ensure the safety of the Plaintiff while involved in the tasks assigned to him and to ensure that subsequent to his injury, it was not made worse through the actions or inactions of Defendant;

 i. Failure to provide adequate instruction, training, and supervision to the Plaintiff and his fellow crew members;

 j. Failing to ascertain the cause of prior similar accidents so as to take measures to prevent their re-occurrence, and more particularly Plaintiff's accident;

 k. Failing to use reasonable care to provide and maintain a safe place for Plaintiff to work, fit with proper and adequate spaces, crew and equipment; and/or

 l. Failing to provide Plaintiff with prompt, proper and adequate medical care after he reported his injury which resulted in the worsening of Plaintiff's condition and of his injuries.

19. At all times material hereto, Defendant negligently failed to determine the hazards Plaintiff faced, failed to eliminate those hazards, failed to modify those

hazards, and failed to warn the plaintiff of the hazard. In addition, Defendant violated the International Safety Management Code and failed to have a proper, adequate, and safe Safety Management System Manual or to follow it on board the vessel on which the Plaintiff served. All of the above caused the Plaintiff to suffer his injuries and did not receive adequate care for them.

20. Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care should have learned of them and corrected them.

21. As a result of the negligence of Defendant, DISNEY, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, lost income in the past, and his working ability and earning capacity have been impaired.  The injuries and damages suffered by the Plaintiff are permanent and continuing in nature and Plaintiff will suffer these losses and impairments in the future.  In addition, Plaintiff in the past and in the future has lost the fringe benefits that came with Plaintiff's job, including but not limited to free food, free shelter, free medical care, free uniforms, and vacation pay.

**WHEREFORE,** Plaintiff demands all damages entitled by law.

## COUNT II – UNSEAWORTHINESS

Plaintiff re-alleges, incorporates by reference, and adopts paragraphs one (1) through fourteen (14) as though they originally alleged herein.

22. On or about September 14, 2021, Plaintiff was a seaman and a member of the *Disney Fantasy's* crew, which was in navigable waters.

23. At all times material hereto, Defendant DISNEY owned, managed, operated, and controlled the vessel *Disney Fantasy*.

24. Defendant had the absolute non-delegable duty to provide Plaintiff with a seaworthy vessel on which to serve, including a competent crew.

25. The unseaworthiness of Defendant's vessel was a legal cause of injury and damage to the Plaintiff for each of the previously listed incidents by reason of the following:

    a. The vessel was unsafe and unfit for its intended purpose due to the conditions created by Defendant as follows:

        i. Assigning Plaintiff to work in an unsafe environment in dangerous conditions;

        ii. Failing to limit Plaintiff's exposure to dangerous conditions despite having knowledge of the subject area and its unsafe work practices;

        iii. Failing to provide the crewmembers in the subject area with proper methods to carry out their duties; and/or

        iv. Having knowledge of Plaintiff's incident and requiring him to continue working despite his severe medical condition and symptoms; and exposing him to further aggravation.

    b. The vessel's crew was not properly trained, instructed, or supervised to carry out their duties;

    c. The vessel did not have a fit crew;

    d. The subject area did not have adequate spacing for the tasks being performed;

    e. Allowing unsafe practices and conditions to exist without taking or requiring remedial actions be taken; and/or

    f. Failing to follow sound management practices with the goal of providing the Plaintiff with a reasonably safe place to work.

26. As a result of the unseaworthiness of the vessel *Disney Fantasy*, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, lost income in the past, and plaintiff's working ability and earning capacity have been impaired. These injuries and damages are permanent or continuing in nature and Plaintiff will suffer these losses and impairments in the future. In addition, Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job,

including but not limited to free food, free shelter, free medical care, free uniforms, and vacation pay.

**WHEREFORE,** Plaintiff demands all damages entitled by law.

### COUNT III – FAILURE TO PAY MAINTENANCE AND CURE

Plaintiff re-alleges, incorporates by reference, and adopts paragraphs one (1) through fourteen (14) as though originally alleged herein.

27. On or about September 14, 2021, while in the service of the Defendant's vessel, *Disney Fantasy*, which was in navigation, the Plaintiff suffered injuries.

28. Under the General Maritime Law, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendant DISNEY, until declared to have reached maximum medical improvement or maximum medical cure. This includes unearned wages (regular wages, overtime, and vacation pay), which were reasonably anticipated to the end of the contract or voyage whichever is longer.

29. Defendant DISNEY willfully and callously delayed, failed and/or refused to pay Plaintiff's entire maintenance and refused to provide the Plaintiff the level of cure that the Plaintiff needs so that Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

30. An MMI or MMC declaration must be unequivocal and if not any doubts or controversy, regarding whether or not the seaman is at MMI or MMC must be resolved in favor of the seaman.

31. Defendant DISNEY failure to pay Plaintiff's entire maintenance and cure is willful, arbitrary, capricious, in violation of the law, and in callous disregard for

Plaintiff's right as a seaman. As such, Plaintiff would be entitled to attorney's fee under the General Maritime Law of the United States. Furthermore, Defendant unreasonable failure to pay or provide Plaintiff with maintenance and cure aggravated his condition and caused him to suffer additional compensatory damages including but not limited to the aggravation of his physical condition, disability, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of enjoyment of life, feelings of economic insecurity as well as lost earnings and earning capacity, and medical and hospital expenses in the past and into the future.

**WHEREFORE,** Plaintiff demands all damages entitled by law.

## COUNT IV – FAILURE TO TREAT

Plaintiff re-alleges, adopts, and incorporates by references paragraphs one (1) through fourteen (14) as though originally alleged herein.

32. On or about the previously stated date, Plaintiff was employed by Defendant DISNEY as a seaman and was a member of the *Disney Fantasy*'s crew. The vessel was in navigable waters.

33. It was the duty of Defendant DISNEY to provide Plaintiff with prompt, proper and adequate medical care when he presented for treatment.

34. Defendant DISNEY, through the ship's physicians and/or nurses, negligently failed to provide Plaintiff with prompt, proper, adequate, and complete medical care. This conduct includes, but is not limited to:

9

a. Defendant not giving Plaintiff medical care in a timely manner after he reported his injury to the ship's doctor and/or nurse seeking treatment for his condition;

b. Defendant sending Plaintiff back to work after he reported his condition without adequately determining the risks to the Plaintiff's health that sending him back to work would subject him to further injury; and/or

c. Defendant manipulating and directing Plaintiff's medical care both shipboard and shore side in such a way as to minimize their expense and enable them to delay and/or deny the Plaintiff medical care that would improve and/or cure his condition.

35. As a direct and proximate result of Defendant DISNEY's failure, Plaintiff suffered additional pain, disability and Plaintiff's recovery was prolonged. In addition, the Plaintiff was injured about plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions, incurred additional medical expenses in the care and treatment of plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and plaintiff's working ability and earning capacity have been impaired. These injuries and damages are permanent or continuing in nature, and Plaintiff will suffer these losses and impairments in the future.

36. This Count is alleged separately from Jones Act Negligence pursuant to *Joyce v. Atlantic Richfield Company*, 651 F. 2d 676 (10th Cir. 1981) which states, in part, "Negligent failure to provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief [for which separate damages are awardable]."

**WHEREFORE,** Plaintiff demands all damages entitled by law.

Dated: August 28, 2024.

           Respectfully submitted,

           LIPCON, MARGULIES
           & WINKLEMAN, P.A.
           *Attorneys for Plaintiff*
           2800 Ponce de Leon Blvd., Suite 1480
           Coral Gables, Florida 33134
           Telephone No.: (305) 373-3016
           Facsimile No.: (305) 373-6204

      By: */s/ Stefanie A. Black*
           **STEFANIE A. BLACK**
           Florida Bar No. 111903
           sblack@lipcon.com